**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------

**UNITED STATES OF AMERICA**

       - against -                12-cr-269-2 (JGK)

**OSVALDO RIVERA RODRIGUEZ,**       **MEMORANDUM OPINION AND ORDER**

        **Defendant.**
------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The defendant, Osvaldo Rivera-Rodriguez, has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) primarily based on his susceptibility to COVID-19. The defendant argues that his medical conditions, particularly his diabetes and high blood pressure, make him especially susceptible to the severe effects of COVID-19 and that this constitutes an "extraordinary and compelling reason" for the Court to reduce his sentence.

    On January 31, 2014, the defendant pleaded guilty to participating in an armed robbery, aiding and abetting the use of a firearm, and conspiring to distribute and possess with intent to distribute at least 5 kilograms of cocaine. The Guideline Sentencing Range for the defendant was 322 to 387 months based on an Offense Level of 34 and a criminal History Category of VI. The criminal History Category was VI because the defendant was categorized as a career offender based on three prior convictions including two convictions for narcotics related offenses for which the defendant was sentenced in state

court to two concurrent terms of five years' imprisonment. The defendant was released from imprisonment on January 12, 2010, and committed the robbery for which he was sentenced in this case less than two years later on August 23, 2011. Pre-Sentence Report at 16, 57, 58.

Despite the Guideline Sentencing Range of 322 to 387 months, the Court varied downwardly significantly to the sentence of 180 months imprisonment, the statutory mandatory minimum for the narcotics conspiracy and the firearms offense.

Section 3582(c)(1)(A) provides that a district court may reduce a sentence after considering the factors set forth in section 3553(a), provided that the defendant has exhausted administrative remedies and has demonstrated an "extraordinary and compelling reason" that justifies the sentence reduction. See 18 U.S.C. 3582(c)(1)(A). The Court of Appeals for the Second Circuit has recently made it clear that a district court has broad discretion in determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38 (quoting 28 U.S.C. § 994(t)).

In this case, the Government concedes that the defendant has exhausted his administrative remedies and has shown an "extraordinary and compelling reason" for release but argues that the defendant has failed to show that a reduction in the defendant's sentence would be consistent with the § 3553(a) factors.  The Court agrees.

Initially, it should be noted that the defendant has not made a persuasive showing that the defendant's conditions of confinement present an extraordinary and compelling reason. While the Government concedes that the defendant's medical condition of diabetes renders him more susceptible to severe complications of COVID-19, the defendant has been incarcerated in FCI Gilmer in West Virginia.  While the past may not be an infallible prediction of the future, FCI Gilmer currently is reported to have only 3 active cases of COVID-19 among the prisoner population and one among the staff.  There have been no COVID-19 deaths at FCI Gilmore, and 13 inmates and 2 staff members have recovered from a COVID-19 infection.

In any event, the section 3553(a) factors weigh strongly against a reduction in sentence.  The Court already substantially varied downwardly by 140 months from the bottom of the Guideline Sentencing Range.  With good time credit, the defendant is expected to be released in January 2025, after having served about 13 years.  That is, in fact, a reasonable

sentence that is sufficient, but not greater than necessary, to meet the goals of sentencing, particularly recognizing the seriousness of the crime, the need for deterrence, and protection of the public.  It is particularly significant that the defendant returned to a violent robbery and narcotics offense within a year and a half of having been released from prison for a state court crime for which he received a sentence of five years imprisonment, although he served significantly less time in prison. The defendant has been incarcerated since his arrest in February 2012. To reduce the defendant's sentence now, after less than 9 years, particularly in view of the defendant's return to criminal activity so soon after his last release form imprisonment, would not be sufficient to accomplish the goals of sentencing.

    Therefore, the defendant's motion for compassionate release is denied.

**SO ORDERED.**

**Dated:**   **New York, New York**
        **December 24, 2020**               /s/ John G. Koeltl
                                                      **John G. Koeltl**
                                      **United States District Judge**