**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

       - against -                **12-cr-269-2 (JGK)**

**OSVALDO RIVERA RODRIGUEZ,**        **MEMORANDUM OPINION AND ORDER**

          **Defendant.**

---

**JOHN G. KOELTL, District Judge:**

The defendant, Osvaldo Rivera Rodriguez, moves pursuant to 18 U.S.C. § 3582(c)(1)(A) for a reduction in his sentence based on allegedly "extraordinary and compelling reasons." In particular, he argues that his sentence was unusually long and would not have been imposed today. For the reasons explained below, the motion is **denied.**

On January 31, 2014, the defendant pleaded guilty to three counts of a five-count superseding indictment, namely (1) participating in an armed robbery in violation of 18 U.S.C. § 1951 (Count Two); (2) aiding and abetting the possession of a firearm during and in relation to the robbery charged in Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Four); and (3) conspiring to distribute and possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count Five). With respect to Count Four, while the superseding indictment charged that the firearm was brandished, the defendant pleaded guilty

1

only to the lesser included offense of aiding and abetting the possession of a firearm. Count Five carried a mandatory minimum sentence of 120 months' imprisonment. The lesser included offense in Count Four carried a mandatory minimum sentence of 60 months, which was required to be served consecutively to any other sentence imposed. In 2018, the Court sentenced the defendant principally to a sentence of 180 months' imprisonment: 120 months on Counts Two and Five to run concurrently, and 60 months on Count Four to run consecutively to the sentence on Counts Two and Five.

    The sentence that the Court imposed was a downward variance of over 140 months from the low end of the Guideline Sentencing Range. The Guideline Sentencing Range for the defendant was 322 to 387 months' imprisonment, based on an offense level of 34 and a Criminal History Category of VI. The Criminal History Category was VI because the defendant was categorized as a career offender based on three prior convictions, including two convictions for narcotics-related offenses for which the defendant was sentenced in state court to two concurrent terms of five years' imprisonment. The defendant was released from imprisonment for those prior offenses on January 12, 2010, and committed the robbery for which he was sentenced in this case less than two years later, on August 23, 2011.

The defendant first moved for compassionate release in 2020, arguing that there were extraordinary and compelling reasons for his release on the ground that his medical conditions made him particularly susceptible to COVID-19. See ECF No. 257. The Court denied that motion, finding, among other reasons, that the sentencing factors in 18 U.S.C. § 3553(a) weighed strongly against a reduction in his sentence. The Court pointed out that, with good time credit, the defendant is expected to be released in January 2025, after having served about 13 years in prison—a reasonable sentence that is sufficient but no greater than necessary to meet the goals of sentencing, particularly recognizing the seriousness of the offenses, the need for deterrence, and the protection of the public.

The defendant is currently serving the conclusion of his term of imprisonment in a halfway house with an expected release date of January 2025.

The defendant now moves for a reduction in his sentence based on allegedly extraordinary and compelling circumstances pursuant to 18 U.S.C § 3582(c)(1)(A). Specifically, the defendant argues that his term of imprisonment was too long and would not be imposed today.

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Previously, a court could grant a motion pursuant to section 3582(c)(1)(A) only upon a motion from the Director of the Bureau of Prisons. The amended statute now allows a defendant to make the motion, but only after exhausting the defendant's administrative remedies—that is, by first requesting a reduction from the warden of the defendant's facility and waiting at least 30 days for a response.

The Court must then be satisfied that the defendant's application satisfies the extraordinary and compelling reasons requirement as explained in policy statements issued by the Sentencing Commission. The Sentencing Commission's policy statement is contained in U.S.S.G. § 1B1.13. An earlier version

4

of section 1B1.13 was found to be inapplicable to motions brought by defendants—rather than by the Director of the Bureau of Prisons—and thus was non-binding on district courts evaluating such motions. United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020). However, through amendments effective as of November 1, 2023, the Sentencing Commission fixed the issue identified in Brooker, and made it clear that section 1B1.13 now applies when district courts consider motions made by defendants. See, e.g., United States v. Azari, No. 19-cr-610, 2024 WL 4135001, at *2 (S.D.N.Y. Sept. 10, 2024); see also United States v. Laford, No. 11-cr-1032-07, 2024 WL 3778890, at *3 (S.D.N.Y. Aug. 12, 2024); United States v. Corbett, No. 10-cr-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023). In other words, the more expansive definition of "extraordinary and compelling reasons" as set forth in cases like Brooker no longer applies. Having considered whether there are "extraordinary and compelling reasons" as explained in current section 1B1.13, the Court must then consider the sentencing factors in section 3553(a).

In this case, the defendant argues that he has exhausted his administrative remedies by seeking a reduction from his warden and that his request has been unanswered for more than 30 days. The defendant provides no evidence to support his assertion that he made a request to the Bureau of Prisons. The

5

Government represents that it has confirmed from the Bureau of Prisons that no such request was filed. The failure to exhaust administrative remedies would be a sufficient basis to deny the current application. See, e.g., United States v. Harrison, No. 14-cr-167, 2021 WL 1144820, at *1 (S.D.N.Y. Mar. 24, 2021) ("The Court cannot grant defendant the relief he seeks because he has not fully exhausted his administrative remedies to pursue a reduction of his sentence."). But in view of the application's assertions, it is unnecessary to rely on that ground. Assuming that a request was made to the Bureau of Prisons and that it was not answered for 30 days, the current application must still be denied.

The defendant has not established "extraordinary and compelling reasons" that warrant a reduction in his sentence. The policy statement from the Sentencing Commission now provides the definition of extraordinary and compelling reasons, including specific provisions for "Medical Circumstances of the Defendant," "Age of the Defendant," "Family Circumstances of the Defendant," "Victim of Abuse," "Other Reasons," and "Unusually Long Sentence." U.S.S.G. § 1B1.13(b). Although the defendant does not specifically contend that a particular provision of section 1B1.13 applies, the most pertinent provision is "Unusually Long Sentence," which provides:

6

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Id. § 1B1.13(b)(6).[1]

However, even this provision does not apply in this case. The defendant refers to the fact that the First Step Act of 2018 modified the "stacking" of convictions pursuant to 18 U.S.C. § 924(c)(1)(C), such that a mandatory minimum sentence of 25 years' imprisonment can only be imposed if the defendant was previously convicted of a qualifying firearms offense and not simply because the defendant's second section 924(c) conviction was charged in the same indictment as the first. See United States v. Campbell, No. 20-4204-cr, 2022 WL 199954, at *1 (2d Cir. Jan. 24, 2022) (summary order). But the defendant was not convicted of "stacked" section 924(c) offenses, and section 924(c)(1)(C) is irrelevant on this motion. The defendant was convicted of a single section 924(c) offense and his possible sentence would be no different today than it was at the time of

---

[1] Section 1B1.13 imposes an additional requirement that must be met before the court may reduce the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A): The defendant must not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

7

his conviction. Therefore, the defendant has failed to show that he qualifies under any of the circumstances defined in section 1B1.13 as an "extraordinary and compelling reason."

Moreover, the defendant has failed to establish that his release from his halfway house, about four months before his scheduled release, would be consistent with the section 3553(a) sentencing factors. The Court sentenced the defendant to a sentence that was substantially below the applicable Guideline Range. The defendant pleaded guilty to three serious crimes that he committed reasonably soon after being released from state prison for committing other serious crimes. The sentence that the defendant is serving continues to be a sentence that is sufficient but no greater than necessary to take into account the seriousness of the offenses, the need for deterrence, and the protection of the public. There is no basis for reducing that sentence.

The motion for a reduction in sentence is **denied**.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 27, 2024**

_____
John G. Koeltl
**United States District Judge**